**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| CHRISTOPHER HANSEN, | ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 2:12-cv-01976-RCJ-GWF |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, and Does I through X, | ) ) ) | **ORDER** |
| Defendants. | ) ) ) ) | |

Before the Court is a case arising out of a claim to quiet title to a residential property. Plaintiff asserts his claim by reason of his possession of the property, but has never been a party of interest in the chain of title. Defendant moves to dismiss for failure to state a claim, and moves to expunge a recorded document wherein Plaintiff makes claim to title. For the reasons stated herein, the Court grants Defendants Motions to Dismiss and Expunge the Recorded Document.

**I.     FACTS AND PROCEDURAL HISTORY**

Plaintiff pro se Christopher Hansen ("Hansen") has brought a Complaint against Defendant Federal National Mortgage Association ("Fannie Mae") to quiet title and reentry to the residential real property located at 9554 Iris Flat Ct., Las Vegas, Nevada 89178 ("Property"). Additionally, Hanson is seeking monetary damages for alleged injuries caused by Defendants' negligence.

On or about December 3, 2004 non-party Nancy Opal borrowed money and executed a promissory note to repay $339,000.00 to non-party lender First Horizon Home Loan Corporation. The Note was secured by a Deed of Trust ("DOT") encumbering the Property.  The DOT was recorded on December 15, 2004. (DOT, ECF No. 7-1).  On December 8, 2008 an Assignment of Deed of Trust ("ADOT") was recorded assigning all beneficial interests under the DOT to Everhome Mortgage Company. (ADOT, ECF No. 7-2).  Subsequently, non-party borrower Nancy Opal defaulted on her Loan obligations and a Notice of Default ("NOD") was recorded on July 22, 2009. (NOD, ECF No. 7-3).  On June 25, 2010 another Assignment of Deed of Trust ("ADOT2") was recorded. (ADOT2, ECF No. 7-4).  The ADOT2, again, assigned all beneficial interests under the DOT to Everhome Mortgage Company. (*Id.*).  Borrower Nancy Opal failed to cure her default and a Notice of Trustee"s Sale ("NTS") was recorded on July 12, 2010. (NTS, ECF No. 7-5). On August 3, 2010 an Assignment of Deed of Trust ("ADOT3") was recorded, assigning all beneficial interests under the DOT to Defendant Fannie Mae. (ADOT3, ECF No. 7-6).  On that same date, a Trustee"s Deed Upon Sale was recorded, conveying the Property to Defendant Fannie Mae. (Trustee's Deed Upon Sale, ECF No. 7-7).

Defendant commenced an unlawful detainer action against Plaintiff on November 19, 2010.  Plaintiff claims to "have been in possession of the abandoned property since December 1, 2008." (Opp. to Def.'s Mot. Dismiss, ECF No. 10, at 3 ¶ 15).  On June 27, 2012, Plaintiff recorded a document entitled "Claim of Title" with the Clark County Recorder's Office. (Claim of Title, ECF No. 7-8).  Defendant subsequently obtained a Temporary Writ of Restitution on

August 20, 2012. (Temp. Writ Rest., ECF No. 7-9).  Plaintiff was evicted from the Property on October 16, 2012, and now brings this Action.

## II.     LEGAL STANDARDS

### A.     Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  To survive a motion to dismiss, the complaint must contain sufficient factual matter, which the court will accept as true, to state a plausible claim on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Twombly, at 570).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556.  Whether the facts provided make the complaint plausible is context-specific, requiring the court to apply its own common sense. *Id.* at 679.  "[C]onclusory allegations of law and unwarranted inferences

are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir.1996).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 (9th Cir. 1990). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith, [or] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." FED. R. CIV. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

In instances where the plaintiff appears in *propia persona* in a civil rights case,

the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). However, in giving liberal interpretation to a *pro se* civil rights complaint, the court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). In addition, courts have discretion to deny leave to amend a complaint for futility, and futility includes the inevitability of a claim's defeat on summary judgment. *Johnson v. Am. Airlines, Inc.*, 835 F.2d 721, 724 (9th Cir. 1987).

### III.  ANALYSIS

Defendant asserts the Complaint fails to set forth any viable claims for relief. First, Defendant attacks Plaintiff's claim that he is entitled to quiet title in his favor. A quiet title action "may be brought by any person against another who claims an estate or interest in real property, adverse to him, for the purpose of determining such adverse claim." Nev, Rev. Stat. § 40.010.  "A quiet title claim requires plaintiff to allege that the defendant is unlawfully asserting an adverse claim to title to real property." *Kemberly v. Ocwen Loan Servicing, LLC*, 2009 WL 5039495, at 2 (D. Nev. 2009). Defendant asserts that "Plaintiff's status as a tenant on the Property does not create an adverse claim that entitles him to a judgment quieting title." (MTD, ECF No. 6, at 9 ¶¶ 20–21). Plaintiff asserts his claim to quiet title is premised on his possession of the property and his allegation that Defendant does not have a better claim.  In Plaintiff's Complaint he states that "Defendant Fannie Mae's only evidence of title (to date after many demands by Plaintiff repeatedly for years) states on its face "This instrument is being recorded as an accommodation only, with no representation as to its effect upon title." (Complaint, ECF NO. 1-3, at 5 ¶¶ 9–11).  The document Plaintiff refers to is the Trustee's Deed

Upon Sale.  The quoted "warning" is a disclaimer that the recorder stamped upon the face of the instrument.  The purpose is to relieve any liability of the County Recorder as to the validity of the recorded instrument.  Even without the disclaimer, the office of the recorder does not act as an assurer to the legal validity of the documents being recorded.  Thus, the stamped disclaimer is not dispositive evidence to the veracity of the Trustee's Deed Upon Sale.

According to the TDUS, Fannie Mae is the grantee and beneficiary of the trustee's sale, as well as the purchaser for the highest bid in the amount of $399,501.89. (TDUS, ECF No. 7-7).  The Court finds the instruments granting title and mortgage in the Property, along with all subsequent assignments and notices of default and sale, provide a chain of title which ultimately vested with Fannie Mae.  The final recorded TDUS simply provides notice to the world that Fannie Mae purchased the Property.  Plaintiff's claim that "absence of showing of a better title or right, the bare prior possession of property is sufficient to indicate ownership and warrant a recovery by the occupant," is conclusory and unsupported by any statutes or applicable case law. (Opp. to Def.'s Mot. Dismiss, ECF No. 10, at 2 ¶¶ 25–26).  The key phrase in Plaintiff's proposition, though, is "absence of showing of a better title or right."  Here, the chain of title clearly vests with Fannie Mae.  Plaintiff's attempt to quiet title to all other claims by attacking the validity of the apparent rightful holder based on the recorded TDUS fails to state a claim upon which relief can be granted.  The fact that Plaintiff was in possession of the property since December of 2008 does not necessarily, without a written and signed document, transfer any interest in the Property to him.  In the alternative, there are statutory requirements for adversely possessing property and then suing to quiet title to all other potential claimants.  Here, Plaintiff does not claim he has met the

requirements of adverse possession. Instead he has cited very old cases which do not, when taken in context, support his proposition. Plaintiff simply extracted verbiage supporting the contention that "mere possession" is enough to assert a claim to title. *See Fitchett v/ Henley*, 104 P.1060, 1063 (Nev. 1909). This very old case is not in the least way analogous to the present Action. Further, the citation extracted was internally cited to *Virginia & T. R. C. V. Lynch*, 13 Nev. 92, 95 (S.Ct. Nev. 1878). This case was about a right of way or an easement that had been taken by a private owner to access both his residence and his business. The right of way over this particular tract of land was adjacent to his property. When the Virginia and Truckee Railroad Company acquired rights and title to the property and extinguished the right of way, Lynch sued. The Supreme Court of Nevada found that even though Lynch did not have title to the property, his possession and use of it during the years prior to V&T Railroad's rights, was sufficient to show some right and subsequent compensation for its taking. *Id.* This case is in no way analogous to Plaintiff's contention. Plaintiff has claimed to have been in possession of the property since 2008 but without any apparent written authorization or legal right to do so. Thus, aside from an equitable claim to title through a lease, deed or other written instrument, adversely possessing is the only other method available to acquire quite title to real property. If Plaintiff's claim is one of adverse possession, then it will not be legally recognized unless he meets the other requirements of adverse possession such as, 1) exclusive possession, 2) open and notorious, 3) hostile or adverse, and 4) continuous throughout the statutory period, which in Nevada is five years. *See* Nev. Rev. Stat 11.030–11.180. Nevada's adverse possession statutes require not only a period of time, but also the requirement of the adverse possessor to pay the property taxes during the entire five year period. *Id.* at 11.150. Subsequently

the Complaint fails to allege any facts supporting a plausible claim to quiet title either through chain of title or adverse possession.

Plaintiff's Complaint also alleges wrongdoing on the basis of unlawful acts by Defendants under the laws of the Constitution of the United States of America.  The apparent basis of these unconstitutional acts is a deprivation of Plaintiff's fundamental rights of religious conscience. (See Complaint, ECF No. 1-3, at 20 ¶ 63).  In Plaintiff's Second Claim for Relief, he asserts, "Defendant . . . by invidious and covert establishment of a secular or civil religion to which all other religions must support through taxes ... without constitutional amendment . . ." has deprived him of his rights. (*Id.*).  The Complaint contains recitations of accusations relating to the securitization and robo-signing of mortgage notes.  These methods and actions are allegedly part of a grand scheme of the "religions" of  Communism and Marxism.  The Court will not entertain the possibilities of Plaintiff's constitutional rights to worship being deprived through the mortgage and foreclosure process.  However, regarding the allegations of robo-signing, the Court finds no issues in the chain of title or the required non judicial foreclosure procedures.  There is nothing in the alleged facts or supplied exhibits that support a nefarious, unlawful acquisition of the Property or its title.  Plaintiff's assertions are conclusory and void of facts that could lend plausibility to his allegations.

Plaintiff avers Defendants' actions constitute "abuse of process, in that they were carried out for the ulterior purposes of intimidating Plaintiff into obeying [and] surrendering Defendant's property." (Complaint, ECF No. 1-3, at 18, ¶ 65.).  The elements for a prima facie claim for abuse of process are 1) malice, 2) want of probable cause, and 3) termination in favor of the person initiating or instituting the proceedings. *LaManitia v. Redisi*, 2002, 38 P.3d 877, 118 Nev. 27.  Here, Plaintiff must be referring to

the eviction action as the triggering proceeding by which he claims abuse of process. Plaintiff fails to plead a favorable termination on the merits. The writ clearly shows Plaintiff is not the prevailing party, and as such, will not prevail on the claim because termination was not in his favor. (Temp. Writ Rest., ECF No. 7-9).

Finally, Defendants request the Court void the "Claim of Title" recorded by Plaintiff. The Court finds the "Claim of Title" document could have the effect of a Notice of Lis Pendens, thereby clouding the title and making it unmarketable. Because Plaintiff has failed to state a claim and the Complaint will be dismissed in its entirety, the Court will order to void the recorded document entitled "Claim of Title."

## CONCLUSION

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (ECF No. 6) is GRANTED in its entirety without leave to amend. IT IS further ORDERED that Plaintiff's "Claim to Title" recorded in the Official Records of the Clark County Recorder's Office on June 27, 2012 as Document No. 201206270002135 is VOID.

DATED: This 1st day of April, 2013.

_____
United States District Judge